# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID L.A. WILLIAMS,**
        **Petitioner,**

     v.                                        **Case No. 09C0294**

**STATE OF WISCONSIN,**
        **Respondent.**

## DECISION AND ORDER

Petitioner David L.A. Williams filed this petition pursuant to 28 U.S.C. § 2254 alleging that his conviction in the Milwaukee County Circuit Court for manufacture and delivery of Schedule I and II narcotics was unconstitutional. Petitioner appears to assert that his trial counsel was ineffective and his plea bargain was coerced by counsel. He also may be challenging a ruling on a motion to suppress filed in the state circuit court. For relief, petitioner asks only that the court award him monetary damages.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

After reviewing the petition, I conclude that it must be dismissed. It appears from the face of the petition and the attached documents that petitioner is not in custody, as his sentence for the challenged conviction was a time-served disposition, and he has alleged

1

no facts indicating that he is subject to some other type of custody pursuant to the challenged conviction. A district court has jurisdiction to entertain a habeas petition only when the habeas petitioner is "in custody" under the conviction or sentence under attack at the time his petition. Maleng v. Cook, 490 U.S. 488, 491-92 (1989). Moreover, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.

Additionally, even if petitioner were in custody, he does not appear to be challenging that custody by seeking "earlier or immediate release," and therefore is not seeking habeas corpus relief. Washington v. Smith, Case No. 08-4236, 2009 WL 1260317, at *1 (7th Cir. May 8, 2009). "A habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254 or § 2255." Id.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 4 of the Rules Governing § 2254 Cases, this petition is **SUMMARILY DISMISSED**.

Dated at Milwaukee, Wisconsin this 22 day of May, 2009.

/s
LYNN ADELMAN
District Judge